**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY L. PENNER, SR.,

        Plaintiff - Appellant,

v.

CITY OF TOPEKA, KANSAS,

        Defendant - Appellee.

No. 11-3080
(D.C. No. 5:09-CV-04108-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff and appellant, Jerry L. Penner, appeals the grant of summary

judgment to the defendant, City of Topeka, in his case alleging that the City

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violated his rights under 42 U.S.C. § 1983 when it denied him a provisional use request for a salvage yard license. For the following reasons, we affirm the grant of summary judgment to the City.

## BACKGROUND

We derive the uncontroverted facts from the district court's decision. Mr. Penner has applied to the City on numerous occasions for permission to operate a salvage yard at 417 S.E. 13th Street, in Topeka, Kansas.[1] In January 2003, he actually received a salvage yard permit from the City, but it was revoked in March 2003. Mr. Penner then applied for a provisional use permit to conduct vehicle salvage, which was denied in March 2003. He unsuccessfully sought reconsideration of that denial. Mr. Penner then filed another application for a salvage yard license, which was denied in September 2003. A state court overturned the denial, but that decision was, in turn, reversed by the Kansas Court of Appeals on August 19, 2005, which had the effect of upholding the City's decision to deny the license.

On January 5, 2006, Mr. Penner filed yet another application to operate a salvage yard on the same property, which the City denied on March 21, 2006. A

---

[1]The district court described the process through which applications are made for permits to operate salvage yards: they "are made through the city fire department. The city fire chief makes an inspection of the location, verifies whether the land is zoned appropriately, and reports whether the proposed salvage yard will result in a public health or safety hazard." Mem. & Order at 1-2.

state court upheld the denial on November 17, 2006. The court noted the following concerns about permitting Mr. Penner to operate a salvage yard at that particular location:

> From a review of the record, it is apparent that the Topeka City Council relied heavily upon the report prepared by the Planning Department. The Planning Department's report set forth several concerns, including "increased truck traffic through the neighborhood" which "could have a negative impact on the [Williams] magnet school, as well as the viability of the Brown v. Board of Education site." The Planning Department found in its report that "[w]ith so many children and visitors coming to the area, safety is also a concern." In addition, the Planning Department report noted that the "property does not comply with the City's Subdivision Regulations." Based on these concerns, the Planning Department report recommended: "Disapproval-due to illegal subdivision and impact upon neighborhood."

Mem. & Order at 3. The court detailed these concerns further, indicating that "it was reasonable for the Topeka City Council to have found that such an operation raised legitimate safety concerns in one of the most unique neighborhoods in the State of Kansas." Id. at 4. Undaunted, Mr. Penner filed yet another application on February 22, 2008, which was denied by the City on July 1, 2008.

As the district court explained, Mr. Penner's property is zoned for heavy industrial use, which is compatible with use as a salvage yard. The City planning department "recommended disapproval of [Mr. Penner's] 2008 application based upon compatibility with the surrounding neighborhood." Id. at 4-5. While the planning department would make recommendations, the ultimate decision to issue a provisional use application is made by the City Council. There are apparently

-3-

other salvage yards which dismantle automobiles in the neighborhood of Mr. Penner's property.

Mr. Penner brought this action, arguing that he was denied his constitutional rights to procedural and substantive due process and the equal protection of the laws by the City's denial of his request for a provisional use permit. Eventually, the City moved for summary judgment. The district court granted summary judgment in favor of the City, finding that Mr. Penner was unable to demonstrate that similarly situated individuals existed who were treated differently than Mr. Penner, and that the City's action was reasonable.[2] This appeal followed.

### DISCUSSION

We review the district court's grant of summary judgment de novo, using the same legal standard as did the district court. Baca v. Sklar, 398 F.3d 1210, 1216 (10th Cir. 2005). Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Applying this standard, we view the

[2]In so doing, the court rejected the City's other theories supporting its motion for summary judgment, in particular that the doctrine of res judicata and/or the Rooker-Feldman doctrine barred Mr. Penner's claims. On appeal, Mr. Penner obviously challenges only the district court's rejection of Mr. Penner's claim of class-of-one equal protection violation.

evidence and draw all reasonable inferences from it in the light most favorable to the nonmoving party, Mr. Penner. Baca, 398 F.3d at 1216.

To succeed on an equal protection claim as a "class of one," a party must demonstrate that (1) it has been intentionally treated differently than those similarly situated, see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam), and (2) the difference in treatment was objectively irrational and abusive, see Jicarilla Apache Nation v. Rio Arriba Cnty., 440 F.3d 1202, 1211 (10th Cir. 2006). Class-of-one claimants must show similarity in all material respects. See id. at 1212. This is a substantial burden. Id. at 1213. "[A] court may properly grant summary judgment where it is clear that no reasonable jury could find that the [similarly] situated requirement has been met." McDonald v. Vill. of Winnetka, 371 F.3d 992, 1002 (7th Cir. 2004). Additionally, if there is an objectively reasonable basis for a difference in treatment, summary judgment is appropriate. Jicarilla, 440 F.3d at 1210. "We ask not whether the [d]efendants' proffered justifications were sincere, but whether they were objectively reasonable." Id. at 1211.

We agree with the district court's analysis of this issue and affirm the grant of summary judgment to the City for substantially the reasons stated in the court's Memorandum & Order. As the court stated, "[i]t does not appear possible that [Mr. Penner] could establish that he was treated differently from other persons or entities whose situations were identical in all material respects and that the

difference in treatment was objectively irrational and abusive." Mem. & Order at 14-15.[3]

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]As we have stated before, "[f]ederal courts should be reluctant to interfere in zoning disputes which are local concerns." <u>Nichols v. Bd. of Cnty. Comm'rs,</u> 506 F.3d 962, 971 (10th Cir. 2007) (further quotation omitted).